Appeal by an employer and its insurance carrier from a decision and award of the Workmen’s Compensation Board, dated June 20, 1949, granting claimant a scheduled award of con p.-.i.-ation for 100% permanent loss of use of his left eye. There is no competent evidence to sustain the board’s finding that claimant’s loss of vision “was the result of accidental injuries sustained * * * on November 14, 1944 which were aggravated by the accident of March 21, 1945 ”. The medical proofs definitely ruled out claimant's eye injury on said earlier date as a cause of the loss of vision for which the award has been made. Neither was there any competent evidence that any injury sustained in the accident of March, 1945, was causally related to the growth of the cataract which caused claimant’s loss of vision; and the claim to compensation as based thereon is barred by section 28 of the Workmen’s Compensation Law for lateness in filing. We do not regard the single eyewash administered by the plant nurse as an advance payment of compensation which *1066 tolled the statute. Decision and award reversed on the law and claim dismissed, with costs against the Workmen’s Compensation Board. Brewster, Deyo and Bergan, JJ., concur; Heffeman, J., dissents in the following memorandum in which Foster, P. J., concurs: I dissent and vote to affirm the award. The proof in the record sustains a finding that on March 21, 1945, claimant sustained an accident. At that time some foreign substance entered his left eye. Claimant immediately visited the plant nurse and she removed the foreign substance from his eye. That treatment constituted an advance payment of compensation within the meaning of the statute (Matter of Schwartz v. Kaplan Card & Paper Co., 276 App. Div. 789; Matter of Warmack v. Marlin Rockwell Corp., 273 App. Div. 932).